PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL JONES OPARA, ) | |
| ) | CASE NO. 1:15CV2083 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| U.S. ATTORNEY GENERAL, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | [Resolving ECF No. 2] |

*Pro se* Petitioner Samuel Opara filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioner is currently in the custody of the Immigration and Customs Enforcement Agency ("ICE"), detained in the Geauga County Jail awaiting deportation. He claims he is entitled to habeas relief because he is not lawfully in the custody of ICE. Petitioner claims his conviction was never final, so ICE cannot deport him on the basis of his conviction. He asks the Court to terminate all deportation proceedings, order his release from custody, and return his criminal case to the United States District Court for the Northern District of Indiana. For the reasons set forth below, the Petition is denied and the action is dismissed.

Petitioner also filed an Application to Proceed *In forma Pauperis* (ECF No. 2). That Application is granted.

**I. Background**

A sealed indictment against Petitioner was filed in the United States District Court for the Northern District of Indiana in 1998. See *United States v. Opara*, No. 2:98-CR-47 (N.D. Indiana

(1:15CV2083)

filed March 16, 1998). The indictment was unsealed on August 18, 1998, but Petitioner was previously arraigned on April 24, 1998. He entered a plea of not guilty.

A superseding indictment was filed against Petitioner on August 21, 1998. Ten days later, he was arraigned on the superseding charges. He once again pled not guilty. On September 3, 1998, Petitioner was convicted by a jury on all six counts of the superseding indictment. He was sentenced to 360 months in prison for conspiracy to possess with intent to distribute 50 grams or more of cocaine base and for four substantive counts of distribution in excess of five grams of crack cocaine base. The Court issued a Judgment and Commitment ("J&C") on September 12, 2000 setting forth the details of his sentence and supervised release term. The United States Attorney requested leave of court to dismiss the original indictment pursuant to Fed. R. Crim. P. 48(a). The Court granted that request during the sentencing hearing held on September 1, 2000. That same day, Petitioner filed an appeal of his conviction to the United States Court of Appeals for the Seventh Circuit. The Court of Appeals affirmed his conviction on September 28, 2001. *See* United States v. Opara, 20 Fed. Appx. 533 (7th Cir. 2001).

Almost fourteen years after his sentencing, Petitioner filed a prisoner civil rights action, arguing his J&C was void. He claimed that the superseding indictment was simply a Fed. R. Crim. R. 7(e) modification of the original indictment. *See* Opara v. N.E.O.C.C. Warden, No. 4:14CV827 (N.D. Ohio filed April 17, 2014) (Polster, J.). While Petitioner acknowledged that a charge was added to the superseding indictment, he claimed there was no material difference between the two indictments. He argued that the Government's dismissal of the original indictment effectively dismissed the charges in the superseding indictment as well. Petitioner concluded that the J&C was not entered against him in accordance with Fed. R. Crim. P. 32(b)(1) and 55, and Fed. R. Civ.

2

(1:15CV2083)

P. 58 and 79(a). The Court found the argument to be without merit and dismissed the action. *Opara v. N.E.O.C.C. Warden*, No. 4:14CV827, 2014 WL 1681567 (N.D. Ohio April 23, 2014) (Polster, J.). No appeal was taken from this judgment.

In the case at bar, Petitioner once again argues that the United States Attorney's dismissal of the original indictment also dismissed the superseding indictment and voided his conviction. Based on this reasoning, he asserts his conviction cannot be used to trigger immigration deportation proceedings. Petitioner contends that in order for the immigration court to have jurisdiction, it must determine that a final judgment was entered in his criminal case in accordance with Fed. R. Civ. P. 58 and 79(a) and Fed. R. Crim. P. 32 and 55. He states he is being unlawfully detained for deportation proceedings.

## II. Standard for Dismissal

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)(3)). Because Petitioner is appearing *pro se*, the allegations in the Petition (ECF No. 1) must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v.*

(1:15CV2083)

*Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

### III. Analysis

In a prior action, Plaintiff presented his argument that dismissal of the original indictment also dismissed the superseding indictment. That claim was rejected on the merits by U.S. District Judge Dan Aaron Polster. *See Opara*, 2014 WL 1681567. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in the present case. Therefore, Plaintiff is precluded from litigating this issue for a second time.

The Court is aware that the doctrine of *res judicata*, is an affirmative defense that generally must be raised by Respondents in a responsive pleading. *See* Fed. R. Civ. P. 8(c)(1); *Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988). The United States Supreme Court, as well as the United States Sixth Circuit of Appeals, have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir.

4

(1:15CV2083)

2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) ("a district court may invoke the doctrine of res judicata in the interests of, *inter alia*, the promotion of judicial economy") The "special circumstance" recognized in *Arizona*, is when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at (quoting *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). Judge Polster already determined this issue was without merit. Petitioner is barred from litigating it again. As the issue serves as the basis for his assertion that ICE cannot proceed with deportation proceedings based on his conviction, the case at bar is also without merit.

### IV. Conclusion

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

January 29, 2016      */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.